UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BICH THI HO** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5618** |
| **JEFFERSON FINANCIAL FEDERAL CREDIT UNION** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Jefferson Financial Federal Credit Union's ("defendant") motion[1] to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Bich Thi Ho ("plaintiff"), individually and on behalf of her minor child ("A.D."), opposes the motion.[2] For the reasons set forth below, the Court denies defendant's motion.

## I. BACKGROUND

This matter arises from a loan that defendant made to plaintiff's now-deceased former husband, Kiet Van Do ("Do").[3] On January 12, 2018, defendant allegedly executed a loan to Do secured by Do's residence.[4] The loan was allegedly obtained to permit Do to refinance the mortgage on his residence and pay off his tax liability.[5] Do lived in one side of his residence and leased the other side to a commercial hair salon.[6]

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 12.
[3] R. Doc. No. 1, ¶ 2.
[4] *Id.*
[5] *Id.* ¶¶ 35, 37.
[6] *Id.* ¶ 54.

1

Following Do's death, defendant claims that Do's sole heir, A.D., is liable for the debts of Do up to the value of the inherited property.[7]

In her complaint, plaintiff claims that the loan is "demonstrably fraudulent and predatory."[8] Plaintiff alleges claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Louisiana Racketeering Act, and the Louisiana Civil Code.[9] The complaint further alleges that the Court has subject matter jurisdiction pursuant to 12 U.S.C. § 2601 *et seq.* and 15 U.S.C. § 1601 *et seq.* as to the claims brought pursuant to RESPA and TILA, and that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[10]

In its motion to dismiss, defendant argues that there is no jurisdiction pursuant to RESPA and TILA as the loan is a commercial loan, not a personal loan, because it was used to pay off a mortgage on a property which earned rental income.[11] Defendant also argues that the complaint should be dismissed for failure to state a claim because the statute of limitations has run with respect to plaintiff's claims brought pursuant to RESPA, TILA, the Louisiana Racketeering Act, and Louisiana community property law.[12]

In response, plaintiff argues that defendant's motion raises factual disputes and therefore should be denied.[13] As to defendant's argument that this Court lacks

---

[7] R. Doc. No. 10-1, at 1.
[8] R. Doc. No. 1, ¶ 4.
[9] *See generally id.*
[10] *Id.*
[11] R. Doc. No. 10-1, at 2.
[12] *Id.* at 3–5.
[13] R. Doc. No. 12, at 2.

2

jurisdiction, plaintiff argues that defendant has already admitted the mortgage loan is personal, defendant is prohibited from making commercial loans secured by residential property, and defendant has already submitted to federal jurisdiction.[14] With respect to defendant's argument that the statute of limitations has run, plaintiff argues that this argument is procedurally improper because it is an affirmative defense, that defendant fails to consider more recent events relative to plaintiff as a successor in interest, and that the statute of limitations has not run because of certain legal arguments that plaintiff will raise.[15]

## II. STANDARD OF LAW

### a. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (citation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When ruling on a Rule 12(b)(1) motion, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint

---

[14] *Id.* at 3–4.
[15] *Id.* at 5.

alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### b. Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034,

4

2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III. ANALYSIS

#### a. Rule 12(b)(1)

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161 (citing *Hitt*, 561 F.2d at 608). "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Accordingly, the Court will first

address defendant's argument that subject matter jurisdiction does not exist because the loan is a commercial loan.

Plaintiff first argues that defendant's 12(b)(1) motion should be denied because it rests on material factual disputes. However, "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). Accordingly, "the district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Id.* at 413.

Next, plaintiff argues that defendant has conceded jurisdiction because defendant's answer admits the allegations of plaintiff's complaint asserting federal jurisdiction, defendant submitted to federal jurisdiction through the terms of the loan, and defendant's answer admitted the mortgage loan was personal.[16] However, "[s]ubject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Therefore, the Court will consider defendant's jurisdictional arguments.

---

[16] R. Doc. No. 12, at 3, 5.

As mentioned, plaintiff's complaint alleges that this Court has subject matter jurisdiction pursuant to RESPA and TILA. Both parties agree that these statutes provide claims with respect to personal loans but not commercial loans.[17] As noted by plaintiff, a commercial loan "means any loan, line of credit, or letter of credit . . . for commercial, industrial, agricultural, or professional purposes, but not for personal expenditure purposes." 12 C.F.R. § 723.2(3).

In its motion, defendant argues that the loan is commercial because Do used the loan to pay off a mortgage on his property which generated rental income and to pay his self-employment taxes.[18] The complaint states that the defendant approved a "business loan" for Do.[19] One purpose listed for the loan was to help Do pay off his tax liability,[20] which the loan statement noted "was generated mainly by his shrimping business."[21] In response, plaintiff emphasizes that "the definition [of a commercial loan] entails the absence of 'personal expenditure,' and here it is abundantly evident that the main purpose of the loan was for personal and household use."[22]

The U.S. Fifth Circuit Court of Appeals has explained that "[t]he Supreme Court has enunciated a strict standard for dismissals for lack of subject matter jurisdiction when the basis of jurisdiction is also an element in the plaintiff's federal

---

[17] R. Doc. No. 10-1, at 2; R. Doc. No. 12, at 3; *see also* 12 U.S.C. § 2606(a)(1); 15 U.S.C. § 1603(1).
[18] R. Doc. No. 10-1, at 2.
[19] R. Doc. No. 1, ¶ 15.
[20] *Id.* ¶ 37.
[21] *Id.* ¶ 41.
[22] R. Doc. No. 12, at 4 n.1.

7

cause of action." *Tucker*, 645 F.2d at 415. "Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* "The Supreme Court has made it clear that in that situation no purpose is served by indirectly arguing the merits in the context of federal jurisdiction." *Id.*

In the present action, defendant seeks to challenge jurisdiction by attacking the merits of plaintiff's claim pursuant to RESPA and TILA. There is no indication that these claims were brought solely for the purpose of obtaining federal jurisdiction or that the claims are frivolous. Accordingly, these arguments are properly addressed through defendant's Rule 12(b)(6) motion or a later-filed summary judgment motion.

### b. Rule 12(b)(6)

As discussed, defendant argues that the loan is commercial because the loan was used to pay off a mortgage on his property which generated rental income and to pay his self-employment taxes.[23] Accordingly, defendant argues that the loan is exempt from RESPA and TILA and the claims should be dismissed on that basis. However, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th

---

[23] R. Doc. No. 10-1, at 2.

8

Cir. 2004). As explained by plaintiff, Do lived in the home that the loan was secured by and used the loan, at least in part, to refinance his current mortgage and to pay his tax obligations. Plaintiff has alleged facts indicating that the loan may be personal. Therefore, viewing the complaint "in the light most favorable to the plaintiff," dismissal of the RESPA and TILA claims on the basis of the personal/commercial loan distinction is not appropriate pursuant to Rule 12(b)(6).

Defendant also argues that plaintiff's claims pursuant to RESPA and TILA are barred by the statute of limitations. RESPA requires that actions be brought "within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." 12 U.S.C. § 2614. TILA requires that claims be brought "within one year from the date of the occurrence of the violation" or, with respect to any violation of section 1639, 1639b, or 1639c, "before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Pursuant to plaintiff's complaint, the loan was executed on January 12, 2018.[24] Therefore, when plaintiff filed this action on September 28, 2023, defendant argues that the statute of limitations bars plaintiff's claims pursuant to RESPA and TILA.

Similarly, defendant argues that plaintiff's claim brought pursuant to the Louisiana Racketeering statute and plaintiff's claim for annulment are prescribed.[25] Pursuant to Louisiana law, an action filed alleging a violation of the Louisiana

---

[24] R. Doc. No. 1, ¶ 2.
[25] R. Doc. No. 10-1, at 4–5.

Racketeering Act "may be commenced at any time within five years after the conduct in violation of a provision of this Chapter terminates or the cause of action accrues." La. Rev. Stat. 15:1356(H). Defendant argues that, because closing on the loan occurred on January 12, 2018, this claim is prescribed. The complaint, however, alleges a pattern of fraudulent conduct by defendant, with the latest alleged conduct occurring in April 2021.[26] Therefore, it is not clear from the face of the complaint that this claim has prescribed.

Additionally, pursuant to Louisiana law an "[a]ction of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud." La. Civ. Code Ann. art. 2032. An "[a]ction for annulment of an absolutely null contract does not prescribe." [27] *Id.* Plaintiff's complaint appears to claim absolute nullity based on the loan allegedly violating a Louisiana law that requires the consent of both spouses to encumber immovable property.[28] Defendant's argument only applies to an action for relative nullity, and therefore only the claim of relative nullity could be prescribed.

In plaintiff's response to defendant's motion to dismiss, plaintiff argues that she will "plead imprescriptibility, discovery rule, *contra non valentem*, continuing

---

[26] R. Doc. No. 1, ¶ 128.
[27] "A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral." La. Civ. Code Ann. art. 2030. "A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made." La. Civ. Code Ann. art. 2031.
[28] *Id.* ¶¶ 136 n.10, 137.

10

tort, equitable tolling, etc."[29] While plaintiff does not explain how these legal arguments apply to her case to prevent prescription, the Court cannot determine, on the face of the complaint, that plaintiff's claims are prescribed.

Accepting the allegations in the complaint as true, plaintiff has not failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).[30] Because neither party briefed the applicability of these legal arguments raised by plaintiff, the Court takes no position as to whether the claims could be dismissed pursuant to a timely-filed motion for summary judgment.

Defendant also argues that plaintiff has failed to state a claim for RESPA because RESPA only provides for a private right of action for three things: "(1) failure of a loan servicer to provide proper notice about a transfer of servicing rights or to respond to a qualified written request for loan information, 12 U.S.C. § 2605; (2) payment of a kickback or unearned fees for real estate settlement services, 12 U.S.C. § 2607; and (3) requiring a buyer to use a title insurer chosen by the seller, 12 U.S.C.

---

[29] R. Doc. No. 12, at 6.

[30] Plaintiff concludes her response by reserving the right to amend and supplement her complaint to include additional federal claims. R. Doc. No. 6, at 6. The decision to grant or deny a motion to amend rests within the sound discretion of the trial judge. *See Avatar Expl., Inc. v. Chevron, U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991). When exercising its discretion to allow or deny leave to amend, the district court can consider a number of factors, such as "the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *United States ex rel. Marcy v. Rowan Cos.*, 520 F.3d 384, 392 (5th Cir. 2008). "[A] bare bones motion to amend remains futile when it fails to apprise the district court of the facts that [the plaintiff] would plead in an amended complaint." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017). Plaintiff does not apprise the Court of the specific allegations that would be plead in her amended complaint and therefore the Court does not view granting leave to amend as appropriate, particularly when it has not been requested.

§ 2608."[31] *Grant v. Shapiro & Burson, LLP*, 871 F. Supp. 2d 462, 470 (D. Md. 2012). Defendant's motion does not argue that plaintiff has failed to satisfy the elements of any of these causes of action, but rather that plaintiff has not claimed a violation of any of these statutory provisions. In her response, plaintiff argues that her RESPA claim is brought pursuant to 12 U.S.C. § 2605,[32] which requires notice about transfers of loan servicing rights. The complaint alleges that plaintiff was not provided with sufficient information and cites to 12 U.S.C. § 2605(e).[33] Accordingly, the Court finds defendant's argument, with respect to plaintiff's alleged failure to claim one of the three specific causes of action, to be without merit.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) is **DENIED.**

New Orleans, Louisiana, February 2, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. No. 10-1, at 4.
[32] R. Doc. No. 12, at 7.
[33] R. Doc. No. 1, ¶¶ 104–105.