UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BICH THI HO** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-5618** |
| **JEFFERSON FINANCIAL FEDERAL CREDIT UNION** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Bich Thi Ho's ("plaintiff") motion[1] to strike sections of defendant Jefferson Financial Federal Credit Union's ("defendant") answer. Defendant opposes[2] the motion. For the reasons set forth below, the Court grants the motion in part and denies it in part.

### I. BACKGROUND

This matter arises from a loan that defendant made to plaintiff's now-deceased former husband, Kiet Van Do ("Do").[3] On January 12, 2018, defendant allegedly executed a loan to Do secured by Do's residence.[4] The loan was allegedly obtained to permit Do to refinance the mortgage on his residence and pay off his tax liability.[5] Do lived in one side of his residence and leased the other side to a commercial hair salon.[6] Following Do's death, defendant claims that Do's sole heir, A.D., is liable for the debts of Do up to the value of the inherited property.[7]

---

[1] R. Doc. No. 14.
[2] R. Doc. No. 16.
[3] R. Doc. No. 1, ¶ 2.
[4] *Id.*
[5] *Id.* ¶¶ 35, 37.
[6] *Id.* ¶ 54.
[7] R. Doc. No. 10-1, at 1.

1

In her complaint, plaintiff alleges that the loan is "demonstrably fraudulent and predatory."[8] Plaintiff asserts claims against defendant pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Louisiana Racketeering Act, and the Louisiana Civil Code.[9]

In her motion, plaintiff moves to strike paragraphs 2, 3, 11, 12, 16, 17, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 33, 35, 36, 37, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 76, 77, 78, and 79 of defendant's answer for failing to state legally sufficient defenses.[10] Plaintiff also moves to strike defendant's affirmative defenses and counterclaim because plaintiff argues that "they lack the necessary factual allegations and legal justifications."[11] Plaintiff also argues that, because defendant did not respond to paragraph 71 of the complaint, that paragraph should be deemed admitted.[12]

In response, defendant argues that "[t]he defenses alleged in this matter are well founded, and should not be stricken."[13] Defendant also explained that "[u]nless defendant knew the facts alleged [through] its own knowledge, or agreed to the allegation, it denied [the allegation] in its answer."[14]

---

[8] R. Doc. No. 1, ¶ 4.
[9] *See generally id.*
[10] R. Doc. No. 14, at 1.
[11] *Id.*
[12] *Id.*
[13] R. Doc. No. 16, at 1.
[14] *Id.* at 2.

## II.  STANDARD OF LAW

Rule 12(f) permits a court to strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[M]otions to strike are viewed with disfavor and infrequently granted." *Ross v. Dejarnetti*, 514 F. Supp. 3d 845, 850 (E.D. La. 2021) (Brown, J.) (citing *Augustus v. Board of Public Instruction of Escambia, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "The action of striking a pleading 'should be sparingly used by courts' because 'it is a drastic remedy to be resorted to only when required for the purposes of justice.'" *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 680 F. Supp. 2d 780, 788 (E.D. La. 2010) (Fallon, J.) (quoting *Augustus*, 306 F.2d at 868). "Additionally, the moving party must generally make a showing of prejudice before a motion to strike is granted." *Diesel Specialists, L.L.C. v. MOHAWK TRAVELER M/V*, No. 09-2843, 2011 WL 4063350, at *2 (E.D. La. Sept. 13, 2011) (Engelhardt, J.).

## III.  ANALYSIS

Plaintiff argues that defendant's responses are without merit.[15] Defendant explained that it denied paragraphs of the complaint of which it had no personal knowledge.[16] Plaintiff has not demonstrated that any just reason for striking these

---

[15] R. Doc. No. 14-2, at 2.
[16] R. Doc. No. 16, at 2.

3

responses exists. Additionally, plaintiff has not demonstrated that she will be prejudiced if the motion to strike is not granted. Therefore, the Court will deny plaintiff's motion to strike with respect to paragraphs 2, 3, 11, 12, 16, 17, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 33, 35, 36, 37, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 76, 77, 78, and 79 of defendant's answer.

Plaintiff also seeks to strike defendant's three affirmative defenses. First, plaintiff argues that defendant's statute of limitations defense is not sufficient as it only addresses two of plaintiff's claims.[17] Plaintiff cites no authority for the suggestion that an affirmative defense must apply to all claims, and the Court finds this argument to be without merit.

Next, plaintiff argues that defendant's affirmative defense of good faith should be stricken because it is conclusory.[18] In response, defendant claims that the defense is "shown by the acts alleged by plaintiff."[19] Again, plaintiff has not demonstrated that defendant's affirmative defense is insufficient, redundant, immaterial, impertinent, or scandalous. Additionally, plaintiff "has not . . . demonstrated that the denial of her motion to strike would be prejudicial to her, and the Court is unable to conclude that prejudice would result from not striking the affirmative defenses." *See Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 724 (E.D. La. 2011) (Fallon, J.).

---

[17] R. Doc. No. 14-2, at 19.
[18] *Id.*
[19] R. Doc. No. 16, at 3.

4

Third, plaintiff argues that defendant's last affirmative defense involves a factual dispute regarding whether the loan is a consumer or a personal loan and should be stricken.[20] In a previous order, the Court addressed how RESPA and TILA apply to personal loans.[21] By asserting that the loans are commercial, not personal, defendant's answer claims that RESPA and TILA do not provide plaintiff with a cause of action. Plaintiff has not shown that this defense is insufficient as a matter of law or that the defense is redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f); *see also Kaiser Aluminum & Chem. Sales*, 677 F.2d at 1057. Plaintiff also has not demonstrated prejudice will result if the motion to strike is denied. Therefore, the Court will deny the motion to strike with respect to this affirmative defense.

Plaintiff also asks the Court to strike defendant's counterclaim because the claims are "unclear and insufficient, citing no codal, statutory, or jurisprudential authority."[22] In response, defendant argues that the counterclaim is based on the facts alleged by plaintiff.[23] Again, plaintiff has not alleged any prejudice that will occur to her through the denial of her motion to strike, and therefore the drastic remedy of striking is inappropriate.

Finally, plaintiff requests that the Court deem paragraph 71 of the complaint as admitted because defendant's answer did not deny it.[24] Paragraph 71 includes a

---

[20] R. Doc. No. 14-2, at 19.
[21] R. Doc. No. 18, at 7.
[22] R. Doc. No. 14-2, at 19.
[23] R. Doc. No. 16, at 3.
[24] R. Doc. No. 14, at 1.

bank receipt image and provides: "Similarly, contrary to the 'Verification of Mortgage,' the bank receipt shows the February 1, 2021, payment with the due date of March 1, 2021."[25] Defendant did not respond to this paragraph in its answer or respond to the request for admission in its response to the motion to strike.[26] Federal Rule of Civil Procedure 8(b)(6) provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Therefore, because defendant did not respond to the allegations in paragraph 71, that paragraph is deemed admitted.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks to have paragraph 71 of the plaintiff's complaint be deemed admitted. The motion is **DENIED** to the extent it seeks to strike portions of defendant's answer.

New Orleans, Louisiana, February 8, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. No. 1, ¶.
[26] *See* R. Doc. Nos. 9, 16.