UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BICH THI HO, BICH THI HO O/B/O A.D. | * | CIVIL ACTION NO. 23-5618 |
| | * | |
| | * | SECTION: "I"(1) |
| VERSUS | * | |
| | * | JUDGE LANCE M. AFRICK |
| JEFFERSON FINANCIAL CREDIT UNION | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to File Amended and Supplemental Complaint. (Rec. Doc. 22). For the following reasons, the Motion is GRANTED.

Background

This matter arises from a loan that defendant made to plaintiff's now-deceased former husband, Kiet Van Do ("Do"). On January 12, 2018, Jefferson Financial Credit Union allegedly executed a loan to Do secured by Do's residence. Do allegedly obtained the loan so he could refinance the mortgage on his residence and pay off his tax liability. Do lived in one side of the building and leased the other side to a commercial hair salon. Following Do's death, the Credit Union claims that Do's sole heir, A.D., is liable for the debts of Do up to the value of the inherited property.

Plaintiff Bich Thi Ho filed the present lawsuit on her own behalf and on behalf of A.D. alleging the loan is demonstrably fraudulent and predatory. She alleges claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Landing Act ("TILA"), the Louisiana Racketeering Act, and the Louisiana Civil Code. The Credit Union argued in a motion to dismiss that the court lacked jurisdiction over the claim because RESPA and TILA do not apply to commercial loans and, according to the Credit Union, the loan at issue here was commercial

1

because it was used to pay off a mortgage on property that earned income. It also argued that the RESPA and TILA claims were barred by the applicable statute of limitations. The District Court denied the motion to dismiss.

Trial is set to begin on August 26, 2024. The deadline to complete discovery is June 7, 2024. The deadline to amend pleadings is March 22, 2024.

Presently, Ho seeks to amend the complaint to add a claim for violation of the Federal Fair Debt Collections Act. She also seeks to allege that in asserting the loan is commercial, the Credit Union has made a judicial confession to this position. She seeks to allege further that the Credit Union is prohibited by the Federal Credit Union Act from making commercial loans secured by a 1-4 family residential property. She argues, in the proposed amended pleading, that the Credit Union has labeled the loan as commercial to avoid consumer protections despite being barred from doing so. Plaintiff also seeks to allege that the Credit Union's actions in this regard further support her claim under the Louisiana Racketeering Act as a wrongful act, her claim for annulment because it shows an unlawful cause and object, and her claim for fraud because it shows intentional circumvention of the law.

The Credit Union opposes the Motion to Amend. It submits that it is not prohibited from making commercial loans secured by residential property. It argues that transactions are exempt from RESPA and TILA if they are "primarily" for commercial purposes but there is no prohibition on using a residential property to secure a commercial loan. It argues further that the statute cited by Ho limits the amount of commercial loans and then exempts properties secured by 1-4 family residences from the regulation. The Credit Union argues that Ho's additional allegations about her other causes of action are repetitive, misleading, and/or erroneous. It argues that Ho's proposed allegation that the Credit Union engaged in artifice and chicanery should be stricken. It insists that

because Ho did not have contact with the Credit Union at the time of the loan, she could not know whether the Credit Union engaged in artifice and chicanery. The Credit Union also argues that the additional claim under the Fair Debt Collection Procedures Act should not be allowed because Ho has not alleged how that Act was violated.

Ho did not file a reply memorandum.

Law and Analysis

1. *Standard for Granting Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court.[1] "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

---

[1] Because the scheduling order deadline to amend pleadings has not yet passed, plaintiff must only satisfy the standard of Rule 15.

*2. Analysis*

The Credit Union argues that justice does not require granting Ho's Motion for Leave to Amend because Ho is merely reiterating the claims already made, the pleading contains some incorrect analysis of the law, the pleading incorrectly characterizes the Credit Union's defense, and the pleading contains an unsubstantiated and false allegation that the Credit Union engaged in artifice and chicanery.[2] It also appears to argue that the amendment would be futile as to the Fair Debt Collection Procedures Act claim because Ho does not allege how the Act was violated.

The Court finds that these arguments do not provide a substantial reason to deny the request for leave to amend. This is Ho's first amendment and there is no suggestion of undue delay, bad faith, or dilatory motive. While the Credit Union's interpretation of the law and facts may differ from that of Ho, it is in the interest of justice that a plaintiff be allowed to present her side. The new allegations (only 3.5 pages and 11 paragraphs) are not overly redundant. Further, the Court finds the bare allegation of artifice and chicanery to be insufficiently scandalous to warrant striking the allegation from Ho's proposed pleading.[3] And to the extent there are insufficient factual allegations to support the Fair Debt Collection Procedures Act claim, that issue has not been sufficiently briefed for the Court to resolve. The Court must grant leave to amend when justice so requires, and the Court finds granting leave to be appropriate here.

---

[2] The Credit Union also submits that Ho failed to seek consent prior to filing her motion. While this may be true, the Court finds that it does not bar granting Ho's motion in this instance.

[3] Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Conclusion

For the foregoing reasons, the Motion to File Amended and Supplemental Complaint (Rec. Doc. 22) is GRANTED; Ho's Amended and Supplemental Complaint shall be filed into the record.

New Orleans, Louisiana, this 14th day of March, 2024.

                                              Janis van Meerveld
                                      United States Magistrate Judge