## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BICH THI HO**                                        **CIVIL ACTION**

**VERSUS**                                                 **No. 23-5618**

**JEFFERSON FINANCIAL**                      **SECTION I**
**FEDERAL CREDIT UNION**

### ORDER & REASONS

Before the Court is defendant Jefferson Financial Federal Credit Union's ("defendant") motion[1] to dismiss the plaintiff Bich Thi Ho's ("plaintiff") Fair Debt Collection Practices Act ("FDCPA") claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, individually and on behalf of her minor child ("A.D."), opposes the motion.[2] Plaintiff's response also requests that this Court strike defendant's motion to dismiss and defendant's answer as untimely and deem the allegations in plaintiff's amended complaint admitted.[3] Defendant filed a reply and opposed the request to strike.[4] For the reasons set forth below, the Court grants defendant's motion to dismiss and denies plaintiff's request to strike.

### I.    BACKGROUND

This matter arises from a loan that defendant made to plaintiff's now-deceased former husband, Kiet Van Do ("Do").[5] On January 12, 2018, defendant

---

[1] R. Doc. No. 37.
[2] R. Doc. No. 38.
[3] *Id.* at 1.
[4] R. Doc. No. 43.
[5] R. Doc. No. 1, ¶ 2. Because plaintiff's amended complaint adopts the factual allegations in the first complaint without reiterating them, the Court relies on the first complaint to recite plaintiff's factual allegations. *See* R. Doc. No. 30, at 3, ¶ 11.

allegedly executed a loan to Do secured by Do's residence.[6] The loan was allegedly obtained to permit Do to refinance the mortgage on his residence and pay off his tax liability.[7] Do lived in one side of his residence and leased the other side to a commercial hair salon.[8] Following Do's death, defendant claims that Do's sole heir, A.D., is liable for Do's debts up to the value of the inherited property.[9]

In her complaint, plaintiff claims that the loan is "demonstrably fraudulent and predatory."[10] Plaintiff alleges claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Louisiana Racketeering Act, and the Louisiana Civil Code.[11] The complaint further alleges that the Court has subject matter jurisdiction pursuant to 12 U.S.C. § 2601 *et seq.* and 15 U.S.C. § 1601 *et seq.* as to the claims brought pursuant to RESPA and TILA, and that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[12]

On December 20, 2023, defendant filed a motion to dismiss the original complaint pursuant to Rules 12(b)(1) and 12(b)(6).[13] Plaintiff opposed the motion.[14] On February 2, 2024, this Court denied the motion to dismiss, finding that it had

---

[6] *Id.*

[7] *Id.* ¶¶ 35, 37.

[8] *Id.* ¶ 54.

[9] R. Doc. No. 10-1, at 1.

[10] R. Doc. No. 1, ¶ 4.

[11] *See generally id.*

[12] *Id.*

[13] R. Doc. No. 10.

[14] R. Doc. No. 12.

jurisdiction and that, construing the allegations in the complaint in plaintiff's favor, dismissal pursuant to Rule 12(b)(6) was not appropriate.[15]

On February 16, 2024, plaintiff sought leave to file an amended complaint.[16] Plaintiff sought to "add a claim for violation of the [FDCPA]" and "allege that in asserting the loan is commercial, [defendant] has made a judicial confession to this position."[17] Plaintiff also sought to "allege further that [defendant] is prohibited by the Federal Credit Union Act from making commercial loans secured by a 1-4 family residential property," and to "allege that [defendant's] actions in this regard further support her claim under the Louisiana Racketeering Act as a wrongful act, her claim for annulment because it shows an unlawful cause and object, and her claim for fraud because it shows intentional circumvention of the law."[18] On March 14, 2024, the U.S. Magistrate Judge assigned to this matter granted plaintiff's motion for leave to file the amended complaint.[19]

On April 22, 2024, defendant filed an answer to the amended complaint and a motion to dismiss.[20] In its motion to dismiss, defendant argues that plaintiff's newly added FDCPA claim should be dismissed because defendant is not a "debt collector"

---

[15] *See generally* R. Doc. No. 18.

[16] R. Doc. No. 22.

[17] R. Doc. No. 29 (U.S. Magistrate Judge's order on the motion for leave to file an amended complaint).

[18] R. Doc. No. 29 (U.S. Magistrate Judge's order on the motion for leave to file an amended complaint).

[19] *Id.*

[20] R. Doc. No. 36 (defendant's answer); R. Doc. No. 37 (defendant's motion to dismiss).

pursuant to the FDCPA and because the statute of limitations has run on this claim.[21]

In response, plaintiff argues that defendant's motion to dismiss and answer are untimely and therefore the motion and answer should be stricken and the allegations of plaintiff's amended complaint should be deemed admitted.[22] Plaintiff also argues that the statute of limitations has not expired because defendant's alleged "wrongful acts and omissions" continued until March 2023 and the statute of limitations was tolled on the earlier conduct due to defendant's fraud.[23] Plaintiff also alleges that the debt collection, pursuant to the FDCPA, was carried out by D'Aquila, Contreras & Vega, ALPC ("DCV") on behalf of defendant.

In reply, defendant admits that the response to the amended complaint was untimely.[24] However, defendant explains that it delayed filing a response due to scheduled conferences, during which defendant hoped to reach a settlement agreement in this matter.[25] Defendant therefore urges the Court to still consider the merits of its answer and motion to dismiss, specifically defendant's arguments that defendant is not a debt collector and that the claim has prescribed.[26]

## II.   STANDARD OF LAW

Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint

---

[21] *See generally* R. Doc. No. 37-1.
[22] R. Doc. No. 38, at 1.
[23] *Id.* at 2.
[24] R. Doc. No. 43, at 1.
[25] *Id.*
[26] *Id.*

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to

"the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## III.   ANALYSIS

### a. Request to Strike

First, plaintiff requests that the Court strike defendant's motion to dismiss and defendant's answer as untimely. Federal Rule of Civil Procedure 15(a)(3) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." The amended complaint was filed into the record on March 14, 2024, and therefore defendant had until March 28, 2024 to file its motion to dismiss or answer. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. 2:14-CV-02722, 2021 WL 6050204, at *3 (E.D. La. Dec. 21, 2021) (Fallon, J.) (explaining that "Federal Rule of Civil Procedure 5 provides that a 'pleading filed after the original complaint' may be served by various methods, including 'filing [the pleading] with the court's electronic-filing system.'"). Defendant untimely filed its answer to the amended complaint and its motion to dismiss on April 22, 2024.[27]

---

[27] R. Doc. Nos. 36, 37.

As mentioned, defendant argues that the Court should consider its admittedly untimely filings because the delay was caused by defendant's belief that this matter would settle.[28] As a preliminary matter, the Court notes that plaintiff did not file a motion to strike the motion to dismiss but instead included the request to strike in her response to the motion. *See* Fed. R. Civ. P. 12(f)(2) (a motion to strike must be filed "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.").

Additionally, striking a pleading pursuant to Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Moore v. BASF Corp.*, No. CIV.A. 11-1001, 2012 WL 4794319, at *1 (E.D. La. Oct. 9, 2012) (Vance, J.). "Even when motions to strike are well-founded, they are not to be granted 'in the absence of a showing of prejudice to the moving party.'" *Id.* Plaintiff has not demonstrated that any prejudice has occurred to her as a result of defendant's untimeliness. Therefore, the Court will deny plaintiff's request to strike.

### b. Motion to Dismiss

"The [FDCPA] regulates interactions between consumer debtors and 'debt collector[s.]'" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). "The [FDCPA] defines 'debt collector' to include 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

---

[28] R. Doc. No. 43, at 1.

7

or due another.'" *Reyes*, 2017 WL 466359, at *2. As discussed, defendant argues that it is not a debt collector as defined by the FDCPA because it was collecting its own debts, not debts owed to another.[29] In response, plaintiff argues that defendant is a debt collector and that DCV collected the debts owed to defendant on behalf of defendant.[30]

Plaintiff's argument suggests that DCV is a debt collector, not defendant. DCV was allegedly collecting a debt owed to defendant after defendant issued a mortgage to Do, plaintiff's deceased former husband.[31] Courts have explained that "banks attempting to collect their own debts are not debt collectors under the FDCPA." *Aguiluz v. Citibank*, N.A., No. CV 18-5126, 2018 WL 5773302, at *5 (E.D. La. Nov. 2, 2018) (Lemmon, J.). Plaintiff does not cite any case law suggesting that defendant is derivatively liable pursuant to the FDCPA for the actions of a debt collector.

Accordingly, plaintiff has not stated a claim to relief that is plausible on its face, and the Court will dismiss plaintiff's FDCPA claim. *See e.g.*, *Aguiluz*, 2018 WL 5773302, at *5 (granting a motion for judgment on the pleadings where a FDCPA claim was brought against a creditor collecting its own debts); *Fouche' v. Shapiro & Massey L.L.P.,* 575 F. Supp. 2d 776 (S.D. Miss. 2008) (granting summary judgment

---

[29] R. Doc. No. 37-1, at 2.
[30] R. Doc. No. 38, at 3.
[31] *See generally* R. Doc. No. 1 (describing defendant's role as the mortgagee).

8

on the plaintiff's FDCPA claim because the mortgagee, as the one to whom the debt was payable, was not a debt collector).[32]

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED.** Plaintiff's FDCPA claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's request to strike defendant's motion to dismiss and answer is **DENIED**.

New Orleans, Louisiana, May 17, 2024.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[32] Because defendant is not a "debt collector" pursuant to the FDCPA, the Court need not reach whether the fraud-based discovery rule applies to plaintiff's FDCPA claim.