UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BICH THI HO, BICH THI HO O/B/O A.D. | * | CIVIL ACTION NO. 23-5618 |
| | * | |
| | * | SECTION: "I"(1) |
| VERSUS | * | |
| | * | JUDGE LANCE M. AFRICK |
| JEFFERSON FINANCIAL CREDIT UNION | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the plaintiff's Motion to Compel Discovery Responses. (Rec. Doc. 64). Because the defendant's objections are appropriate and its production appears to be complete, the Motion is DENIED, except that defendant shall be required to produce a privilege log for the privileged communications at issue as further provided herein.

Background

This matter arises from a loan that defendant made to plaintiff's now-deceased former husband, Kiet Van Do ("Do"). On January 12, 2018, Jefferson Financial Credit Union allegedly executed a loan to Do secured by Do's residence. Do allegedly obtained the loan so he could refinance the mortgage on his residence and pay off his tax liability. Do lived in one side of the building and leased the other side to a commercial hair salon. Following Do's death, the Credit Union claims that Do's sole heir, A.D., is liable for the debts of Do up to the value of the inherited property.

Plaintiff Bich Thi Ho filed the present lawsuit on her own behalf and on behalf of A.D. alleging the loan is demonstrably fraudulent and predatory. She alleges claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Landing Act ("TILA"), the Louisiana Racketeering Act, and the Louisiana Civil Code. The Credit Union argued in a motion to dismiss

1

that the court lacked jurisdiction over the claim because RESPA and TILA do not apply to commercial loans and, according to the Credit Union, the loan at issue here was commercial because it was used to pay off a mortgage on property that earned income. It also argued that the RESPA and TILA claims were barred by the applicable statute of limitations. The District Court denied the motion to dismiss. Plaintiff later amended her complaint to allege a claim that the Credit Union violated the Federal Fair Debt Collections Act.

In June 2024, the parties consented to proceed before the magistrate judge. The trial was continued and is presently set to begin on January 21, 2025. The deadline to complete discovery is October 25, 2024.

Presently before the Court is plaintiff's motion to compel the Credit Union to produce full and complete discovery responses. Without further explanation, plaintiff cites deficiencies in the Credit Union's responses to Interrogatories 6, 8-16, and 19 as well as its responses to Requests for Production 2-4, 7-10, 12, 15, 19, and 21-23. Plaintiff mentions not receiving communications and says that accounting practices are important.

In a memorandum styled as an amendment to the original memorandum in support but filed the day before the submission date and after the opposition memorandum was filed,[1] plaintiff complains that the signatory of the discovery responses is Robert Pajaraes, a collection manager. She claims he cannot be the proper person to respond. She further complains that the Credit Union has improperly claimed a privilege over communications between the Credit Union and its outside counsel Jeffrey Jones and the firm D'Aquila, Contreras, & Vega. Plaintiff says Jones and the firm were acting as external debt collectors for the Credit Union.

---

[1] This memorandum has been marked deficient because it was filed without leave of court. Nonetheless, the Court mentions the issues raised therein and briefly addresses them below to keep discovery on track.

In opposition to the motion to compel, the Credit Union stands by its objections that plaintiff has made overly burdensome requests and seeks irrelevant information. It insists it has supplied sufficient information.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Prior to the 2000 amendments, the Federal Rules provided for discovery of nonprivileged matter "relevant to the subject matter involved in the pending actions." The 2000 amendments deleted the quoted language, limiting the scope of discovery to nonprivileged matters "relevant to the claim or defense of any party" and allowing for discovery "of any matter relevant to the subject matter involved in the action" only upon a showing of good cause. Fed. R. Civ. Proc. 26; see XTO Energy, Inc. v. ATD, LLC, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *12–13 (D.N.M. Apr. 1, 2016) (analyzing the progressive rule changes); see also 8 Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2008 (3d ed.). The change "signal[ed] to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signal[ed] to the parties that they have no entitlement to discovery to develop new claims or

defenses that are not already identified in the pleadings." Fed. R. Civ. Proc. 26 advisory committee's notes to 2000 amendment.  The committee explained that the parties should "focus on the actual claims and defenses involved in the action," but that a variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." Id. Following the 2015 amendments to the Rules (which removed reference "to the subject matter involved in the action" entirely), courts have concluded that "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" XTO Energy, Inc. v. ATD, LLC, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *17 (D.N.M. Apr. 1, 2016) (quoting State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), aff'd, No. 14CV9792, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016)); Walker v. H & M Henner & Mauritz, L.P., No. 16 CIV. 3818 (JLC), 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016).

While construing relevance broadly, this Court is anchored by the parties' pleadings. "To implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties." Thibault v. BellSouth Telecommunications, Inc., No. CIV.A. 07-200, 2008 WL 4808893, at *2 (E.D. La. Oct. 30, 2008) (M.J. Wilkinson).

2. *Plaintiff's Discovery Requests*

The Credit Union's discovery responses indicate that it has produced account documents, loan opening documents, and account statements. It has also provided existing internal communications as well as external communications between it and the outside parties listed by

plaintiff in Interrogatory No. 9, except for communications with Jeffrey Jones and the D'Aquila law firm over which the Credit Union asserts a privilege. And it has produced any written loan policies responsive to Interrogatory No. 17.

This Court has reviewed the Credit Union's "overly burdensome" and "irrelevant" objections and finds that they must all be sustained. For example, in light of production of loan documents in response to Interrogatory No. 8, it would be unduly burdensome to require the Credit Union to identify the date, time, place and method of any and all contacts between defendant with Do or anyone acting on his behalf. Similarly, identification of details of transactions in response to Interrogatory No. 11 is unduly burdensome where the account statements have been produced. Additionally, the Court finds that the Credit Union has properly objected to producing "backup tapes" containing email or electronic data related to this action from 2017 to present (Request for Production No. 21), exact copies of all hard drives related to this action from 2017 to present, and exact copies of all removable media (e.g., thumb drives) related to this action from 2017 to present (Request for Production No. 23). No basis for such invasive and expensive production has been offered in light of the production of relevant information responsive to plaintiff's other more specific requests. The objections are sustained.

Plaintiff mentions the importance of communications. It is unclear what communications she is referring to—internal or external or both. Does she claim the production is incomplete? She offers no reason to find that this is the case. To the extent this reference concerns the assertion in the "Amended Memorandum" that the Credit Union has improperly asserted a privilege, the Court finds that plaintiff has raised a possible issue. Mr. Jones is serving as outside counsel in this litigation. But his signature block lists a firm other than the D'Aquila firm referenced in the discovery requests. Further, it is unclear whether Mr. Jones represented the Credit Union in a

5

different capacity prior to the initiation of litigation and whether that might preclude a finding or privilege. Importantly, this privilege issue has not been briefed. To the extent any of the withheld communications predate the initiation of this litigation, the Credit Union shall produce a privilege log listing each communication and providing sufficient information about the communication to show that it is privileged. It shall do so within seven days and, thereafter, the parties shall meet and confer to discuss any dispute about the existence of a privilege. If the parties cannot resolve their dispute, plaintiff may file a new motion to compel to address the issue.

Next, plaintiff mentions the importance of accounting practices. However, she does not explain what additional information she seeks beyond what has been produced by the Credit Union. The Court finds no basis for ordering additional production.

Plaintiff's "Amended Memorandum" also raises a new issue with respect to Mr. Pajares serving as the company representative providing responses to discovery. She cites his title and claims he is not the right person to answer the discovery. To the contrary, the Credit Union is entitled to determine the appropriate person to respond to discovery requests. There is no basis to conclude that the responses are inadequate. For example, Mr. Pajares has not responded that he "does not know" the answer to any of the interrogatories. Plaintiff is not entitled to relief on this issue.

<u>Conclusion</u>

For the foregoing reasons, plaintiff is not entitled to an order compelling discovery, except that within seven days, the Credit Union shall produce a privilege log listing each withheld communication with Jones and/or the D'Aquila law firm and providing sufficient information about the communication to show that it is privileged to the extent any such communication is

dated before the date this litigation was initiated. The Motion to Compel (Rec. Doc. 64) is DENIED.

      New Orleans, Louisiana, this 9th day of September, 2024.

                                       Janis van Meerveld
                            United States Magistrate Judge