UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BICH THI HO, | * | CIVIL ACTION |
| BICH THI HO o/b/o A.D., | * | NO.  23-5618 |
| *Plaintiff* | * | |
| | * | SECTION:  "I" (1) |
| VERSUS | * | |
| | * | JUDGE LANCE M. AFRICK |
| JEFFERSON FINANCIAL CREDIT | * | |
| UNION, | * | MAGISTRATE JUDGE |
| *Defendant* | * | JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court are the plaintiff's Motion to Compel Discovery Responses and/or Motion for Reconsideration (Rec. Doc. 80) and the defendant's Motion to Compel Answers to Discovery (Rec. Doc. 82). Plaintiff's Motion to Compel is GRANTED to the extent defendant has not yet produced a privilege log—which shall be produced by Monday October 28, 2024. As to the communications, the Motion remains under submission and the Court will set a status conference to discuss the matter with the parties. Defendant's Motion to Compel is GRANTED in part and DENIED in part. The Court finds plaintiff's denial of the contested Request for Admission is appropriate because she explains that she cannot recall signing the document at issue. As further discussed herein, the Court finds that plaintiff must supplement several of her interrogatory responses. But the Court finds her driver's license is irrelevant and not subject to production.

Background

This matter arises from a loan that defendant made to plaintiff's now-deceased former husband, Kiet Van Do ("Do"). On January 12, 2018, Jefferson Financial Credit Union ("JFFCU") allegedly executed a loan to Do secured by Do's residence. Do allegedly obtained the loan so he could  refinance the mortgage on his residence and pay off his tax liability. Do lived in one side of the building and leased the other side to a commercial hair salon. Following Do's death, the Credit

Union claims that Do's sole heir, A.D., is liable for the debts of Do up to the value of the inherited property.

Plaintiff Bich Thi Ho—Do's ex-wife—filed the present lawsuit on her own behalf and on behalf of A.D. alleging the loan is demonstrably fraudulent and predatory. About ten months later the parties consented to proceed before the magistrate judge. The trial was continued and is presently set to begin on January 21, 2025. The deadline to complete discovery is October 25, 2024.

Two motions to compel are presently before the Court. Defendant JFFCU charges that Ho's discovery responses are evasive. Ho contends that her inability to recall certain items is not evasive. Further, she argues that JFFCU's attempt to make her restate the allegations of her Complaint is unduly burdensome and its attempt to make her provide legal conclusions is improper.

In Ho's Motion to Compel, she submits that although JFFCU claimed to have produced internal and external communications in response to her previous motion to compel, in fact the JFFCU has not done so. She submits, therefore, that the Court erred in its previous finding that this issue was moot. JFFCU responds that it has been delayed in production of the communications because counsel received them in encrypted format from JFFCU. It reports that its IT team is working to pull the files without encryption. In a supplemental opposition, it reports that it has obtained the documents and produced them to Ho. Ho also argues that JFFCU's attempt to withhold communications with its counsel is improper because its counsel was acting as a debt collector. On this issue, the Court has previously ordered JFFCU to produce a privilege log so that the applicability of the privilege can be determined. JFFCU responds that it had been delayed, but its counsel has now provided the privilege log.

Law and Analysis

1. *Requests for Admission*

The Federal Rules do not provide for an order compelling a party to respond to requests for admission served pursuant to Rule 36. To remedy insufficient responses to requests for admission, a requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. Proc. 36(a)(6). Under Rule 36, if a party is not admitting a request for admission, it must "deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. Proc. 36(a)(4). Any "denial must fairly respond to the substance of the matter . . . ." Id. "When good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. Further, if the party responds that it lacks knowledge or information necessary to admit or deny the request, it may do so only if it "states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id. If the Court finds that a party's response does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Id. R. 36(a)(6).

"If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter to be true, the requesting party may move that the party who failed to admit by the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. Proc. 37(c)(2).

The request for admission at issue here asks Ho to admit that she signed the mortgage dated December 17, 2021. She denied the request. She explained that she does not read, write, or comprehend English and that she has no recollection of signing the document.

The Court finds the denial and explanation provided sufficient. Ho denies that she signed the document because she cannot recall if she did so. Of course, as JFFCU points out, if it proves that she signed the document at trial, it will be entitled to seek its reasonable expenses incurred in proving that she did so. No decision on whether it will be awarded such fees will be made at this time.

2. *Interrogatories*

Pursuant to Rule 33, a party may serve written interrogatories on any other party on any matter within the scope of discovery as defined by Rule 26(b). Fed. R. Civ. P. 33(a)(2). The rule explicitly authorized interrogatories that ask "for an opinion or contention that relates to fact or the application of law to fact." Id. Importantly, however, the rule also provides that as to such interrogatories, "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Id. Courts often delay contention interrogatories until after a substantial amount of discovery has been conducted so that a responding party is not required to articulate or commit to a theory that has not been fully developed. Cornell Research Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, 66 (N.D.N.Y. 2003). Of course, the court is not required to do so. In re Katrina Canal Breaches, No. CIV.A. 05-4182, 2007 WL 1852184, at *3 (E.D. La. June 27, 2007). Early contention interrogatories may be allowed when they are "limited, specifically crafted questions seeking responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.'" Brassell v. Turner, No. 3:05 CV 476LS, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006) (quoting In re Convergent Techs. Sec. Litig., 108 F.R.D. 328, 338–39 (N.D. Cal. 1985)).

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Id. R. 33(b)(3). "Where an interrogatory answer 'as a whole disclose[s] a conscientious endeavor to understand the question[ ] and to answer fully [that question], a party's obligation under Rule 33 is satisfied.'" Hsieh v. Apache Deepwater, LLC, No. CV 19-00408-BAJ-DPC, 2021 WL 3502467, at *5 (M.D. La. Aug. 9, 2021) (quoting Areizaga v. ADW Corp., 314 F.R.D. 428, 437 (N.D. Tex. 2016)). Courts have also held that '[a] party is not required to make an extensive investigation in responding to an interrogatory, but must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available." Id.

Here, JFFCU complains that the majority of Ho's discovery responses are deficient. Interrogatory No. 1 asks for Ms. Ho's full name, date of birth, place of birth, education, date of entry, citizenship status, current address, and employment history. She only gave her name. She did not raise any objections. Ho contends in opposition to JFFCU's motion that JFFCU has had the opportunity to ask her questions like this during her deposition on October 8, 2024. Ho shall supplement her response to this Interrogatory to provide information about her education. The remaining items, to the extent relevant, could have been explored during her deposition.

JFFCU complains that Ho's responses to Interrogatories 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, and 16 merely say "See Complaint." The Court has reviewed these interrogatories and finds that the cited interrogatories are essentially contention interrogatories, seeking the facts Ho will rely upon to support her alleged claims. Although the Court agrees with Ho that her Complaint is very detailed,[1] that does not end the inquiry. First, the parties have now engaged in nearly all of their discovery. Presumably Ho has discovered some information in support of her claims and does not

---

[1] Indeed, in addition to over 70 factual allegations, for each cause of action alleged, she explains her theory with additional factual allegations.

intend to rely solely on the allegations of her Complaint. Second, the Complaint is not verified. It is merely signed by counsel. Rule 33 requires that interrogatories be answered by the party to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A). Further "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Id. R. 33(b)(3). The person answering the interrogatories must sign them and the attorney must sign the objections. Id. R. 33(b)(5). Contrary to Ho's assertion in opposition, her counsel's signature on the interrogatory responses is not sufficient to comply with the rules. The Court finds that Ho must supplement her interrogatory responses to provide any additional information beyond that alleged in the complaint that will support her claims. These responses must be signed under oath by Ho herself. She must produce the supplemental responses within 7 days.

Ho also contends that Interrogatory No. 12 concerning prescription is unclear. Ho did not timely assert this objection and has waived it. See id. R. 33(b)(4). To the extent the request is unclear, Ho shall do her best to answer it.

Ho says with regard to Interrogatory No. 17 that her damages estimate is forthcoming. It shall be produced within 7 days.

With regard to her contention that she does not recall the dates she resided at the property, the Court finds no error in her answer—provided that it is provided in verified form along with the other supplemental responses. Moreover, JFFCU has now had the chance to depose Ho to explore this issue further.

3. *Driver's License*

JFFCU has also asked for production of a copy of Ho's driver's license or identification. It argues this information could be relevant to the dates she was in the country and her language

skills. The Court disagrees. Her driver's license or identification card is irrelevant at this time and she will not be required to produce it.

    4. *JFFCU Communications*

With regard to the production of external and internal communications, JFFCU's counsel reports in opposition that it is working with their IT personnel to obtain the files in unencrypted format. In a supplemental opposition, it reports that it has now obtained the files and produced them to Ho. But Ho responds that the format of the communications is not appropriate. The Court will set a status conference with the parties to discuss this matter further.

With regard to the communications with counsel, the Court has already ordered JFFCU to produce a privilege log in light of the possibility that counsel may have been acting in a business capacity as a debt collector and not providing legal advice. "[C]ourts have held that when an attorney or law firm acts as a collection agent the privilege does not apply." Hallmark v. Cohen & Slamowitz, 300 F.R.D. 110, 112 (W.D.N.Y. 2014); Baylor v. Mitchell Rubenstein & Assocs., P.C., No. 113CV01995ABJGMH, 2015 WL 4624090, at *4 (D.D.C. July 31, 2015), objections overruled, 130 F. Supp. 3d 326 (D.D.C. 2015), aff'd, 857 F.3d 939 (D.C. Cir. 2017) (declining to adopt "a bright-line rule that an attorney debt collector may never assert a privilege between himself and his creditor-client" and holding that "determining whether the privilege applies to a given communication should focus on the specific content and circumstances of each communication based on analysis of the elements of the attorney-client privilege."). JFFCU explains that its counsel was acting as an attorney at all times. In support of this assertion, it cites a letter from its counsel which includes the heading, "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR." The letter does not support holding that all communications between JFFCU and counsel are protected by the attorney-client privilege. Nor will the Court find, at this

time, that all communications are **not** privileged. JFFCU must describe the privileged documents as required by Rule 26(b)(5)(A) in a privilege log so that Ho and, if necessary, the Court, can assess its claim of privilege. It was already ordered to do so and claims in opposition that it has produced the privilege log.

To the extent JFFCU has not produced the privilege log, it shall do by October 28, 2024. Thereafter Ho shall identify any entries it believes are not privileged. The parties shall meet and confer by November 1, 2024. If they cannot resolve their dispute, they shall contact the chambers of the undersigned to determine whether motion practice regarding the privilege log is an appropriate next step.

## Conclusion

For the foregoing reasons, Ho's Motion to Compel (Rec. Doc. 80) is GRANTED to the extent JFFCU has not yet produced a privilege log—which shall be produced by October 28, 2024. As to the communications, the Court will set a status conference with the parties to discuss the format issue. Further, JFFCU's Motion to Compel (Rec. Doc. 82) is GRANTED in part and DENIED in part. Ho's denial of the contested Request for Admission is appropriate because she explains that she cannot recall signing the document at issue. Ho must supplement several of her interrogatory responses as discussed herein, with all such responses verified under oath and produced within 7 days. But her driver's license is irrelevant and not subject to production.

New Orleans, Louisiana, this 24th day of October, 2024.

                                              Janis van Meerveld
                                              United States Magistrate Judge